SH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Devine,<br><br>    Plaintiff,<br><br>v.<br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-18-04286-PHX-MTL (MTM)<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Craig Devine, who is currently confined at the Arizona State Prison Complex-Lewis, Morey Unit, in Buckeye, Arizona, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Upon screening Plaintiff's First Amended Complaint (Doc. 22) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated claims under the Americans with Disabilities Act (ADA) and the Eighth Amendment against Defendants Ryan,[1] Corizon, White, Garza, and Trinity Services Group and ordered these Defendants to answer. (Doc. 23.) Before the Court is Plaintiff's Motion for Court Order to Return Property, which the Court construes as a motion for injunctive relief. (Doc. 84.)[2]

. . .

. . .

---

[1] Defendant Ryan subsequently retired, and David Shinn, who replaced Ryan as Director of the Arizona Department of Corrections (ADC), was substituted as a Defendant in his official capacity. (Doc. 41.) Ryan remains as a Defendant in his individual capacity only. (*Id.*)

[2] The Court will address Defendants' Motions for Summary Judgment (Docs. 77, 79) in a separate Order.

## I. Governing Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Generally, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint[,]" and if a plaintiff seeks injunctive relief based on claims that were not raised in the complaint, the court does not have authority to issue an injunction. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). An exception to this rule exists where the preliminary injunction relates to an inmate's access to the court, in which case "a nexus between the preliminary relief and the ultimate relief sought is not required[,]" and the court need not consider the merits of the underlying complaint. *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

Therefore, although the allegations in Plaintiff's Motion arise from events distinct from his ADA and Eighth Amendment claims that are before the Court in this action, the Court may consider ordering preliminary injunctive relief to the extent Plaintiff's Motion implicates his right to access the Court.

The constitutional right of access to the courts encompasses a right to litigate without active interference. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011) (9th Cir. 2015) ("prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials") (emphasis in original), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.2 (9th Cir. 2015); *see Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996). The right to litigate without active interference "forbids states from erect[ing] barriers that impede the right of access of incarcerated persons." *Silva*, 658 F.3d at 1102 (internal quotation omitted). To support an active interference claim, a prisoner must allege facts showing that prison officials' actions hindered the ability to litigate and that, as a result, the prisoner suffered an actual injury. *See id.*

## II. Discussion

In his Motion, Plaintiff asserts that he was transferred to the Morey Unit on November 13, 2020, and since then, he has been separated from his legal property. (Doc. 84 at 1.) Plaintiff argues that he was given 3 boxes of his property, but "[e]very single page/document pertaining to this case was considered 'excessive' and Plaintiff's body of legal work was placed in storage." (*Id.* at 1–2.) Plaintiff also asserts that "[d]espite numerous complaints and request[s], both written and verbal, Plaintiff has been unable to convince [ADC] staff to return this legal work." (*Id.* at 2.) Plaintiff argues that without access to his legal work, including his medical records, "it would be impossible for Plaintiff to continue with his civil case." (*Id.*)

In response to Plaintiff's Motion, Defendants state in conclusory fashion that:

> In this Motion, Plaintiff seeks court intervention to allow access to all of his legal documents. Undersigned counsel only represents Defendants as it relates to healthcare provided to Plaintiff prior to June 30, 2019. Moreover, undersigned counsel does not represent the Arizona Department of Corrections or any current member within. Thus, Defendants are unable to assist in the issues presented in Plaintiff's Motion.

(Doc. 92.) This argument is disingenuous. The docket indicates that defense counsel represents Defendant Shinn, who is sued in his official capacity as the ADC Director and is therefore able to grant the requested injunctive relief.[3]

Plaintiff's allegations regarding his inability to access his legal property are sufficient to raise serious questions going to the merits of an active interference claim. The remaining *Winter* factors also weigh in Plaintiff's favor. Without access to his legal property, Plaintiff's ability to meaningfully respond to Defendants' pending Motion for Summary Judgment is significantly hindered, and he is therefore likely to suffer irreparable harm if the requested relief is not granted. Defendants presented no argument that the prison will face any harm if injunctive relief is granted, but Plaintiff has indicated that his ability to litigate this action depends on being able to access his legal property and medical records. Thus, the balance of hardships tips in Plaintiff's favor. Further, "it

---

[3] As an aside, when counsel appears on behalf of a Defendant in this action, counsel may represent that Defendant for all purposes or all counsel for that Defendant may appear at the same time and file an appropriate motion with the Court explaining why two sets of counsel are necessary and requesting proper accommodations for scheduling, discovery, and motion practice. To the extent counsel anticipates that a Defendant will represent himself or herself pro se for any part of an action, counsel must also file a proper Motion explaining the situation to the Court and requesting proper accommodations. But the Federal Rules of Civil Procedure do not permit counsel to leave its client pro se for some unidentified purpose or to make unexplained representations about time-limited representation, and counsel's position to the contrary would make it impossible for the Court to manage its own docket. Counsel is cautioned that to the extent this issue exists in other cases before this Court, Counsel must clarify who represents the defendant and must specify the specific claims to which each representation applies, and Counsel must ensure that the defendant is either fully represented in the action or that the Court has been fully informed of the exact nature of the claims on which the defendant will be proceeding pro se. If Counsel fails to take this action in other cases before this Court, the Court will consider counsel to be in violation of this Order and will order sanctions as it deems appropriate. See LRCiv 83.1(f)(1)(A).

is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).  Again, Defendants did not present any arguments regarding this *Winter* factor.  Finally, the relief Plaintiff seeks—to be allowed access to his legal property—is narrowly drawn and satisfies the requirements of the PLRA.

On this record, and in light of Defendants' highly inadequate response to Plaintiff's Motion, the Court is inclined to grant Plaintiff's motion for injunctive relief. Accordingly, Defendant Shinn must show cause why Plaintiff's request for injunctive relief should not be granted.  Shinn must provide evidence of Plaintiff's current legal property that is being held in storage and explain why Plaintiff is not being allowed to access this property.  Shinn must respond no later than 7 days from the date of this Order, and no extension of this deadline will be permitted.  Accordingly,

**IT IS ORDERED** that within **7 days** from the date of this Order, Defendant Shinn must show cause why Plaintiff's request for injunctive relief should not be granted.

Dated this 23rd day of December, 2020.

Michael T. Liburdi
United States District Judge