SH

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Devine, | No. CV-18-04286-PHX-MTL (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Craig Devine, who is currently confined at the Arizona State Prison Complex-Lewis, Morey Unit, in Buckeye, Arizona, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Upon screening Plaintiff's First Amended Complaint (Doc. 22) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated claims under the Americans with Disabilities Act (ADA) and the Eighth Amendment against Defendants Ryan,[1] Corizon, White, Garza, and Trinity Services Group and ordered these Defendants to answer.  (Doc. 23.)  Before the Court is Plaintiff's Motion for Court Order to Return Property, which the Court construes as a motion for injunctive relief.  (Doc. 84.)[2]

. . .

---

[1] Defendant Ryan subsequently retired, and David Shinn, who replaced Ryan as Director of the Arizona Department of Corrections (ADC), was substituted as a Defendant in his official capacity.  (Doc. 41.)  Ryan remains as a Defendant in his individual capacity only.  (*Id.*)

[2] The Court will address Defendants' Motions for Summary Judgment (Docs. 77, 79) in a separate Order.

**I.     Motion for Injunctive Relief**

    **A.     Legal Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right").  A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).  Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Generally, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint[,]" and if a plaintiff seeks injunctive relief based on claims that were not raised in the complaint, the court does not have authority to issue an injunction.  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  An exception to this rule exists where the preliminary injunction relates to an inmate's access to the court, in which case "a nexus between the preliminary relief and the ultimate relief sought is not required[,]" and the court need not consider the merits of the underlying complaint.  *Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (citing

*Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

Therefore, although the allegations in Plaintiff's Motion arise from events distinct from his ADA and Eighth Amendment claims that are before the Court in this action, the Court may consider ordering preliminary injunctive relief to the extent Plaintiff's Motion implicates his right to access the Court.

The constitutional right of access to the courts encompasses a right to litigate without active interference. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011) (9th Cir. 2015) ("prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials") (emphasis in original), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.2 (9th Cir. 2015); *see Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996). The right to litigate without active interference "forbids states from erect[ing] barriers that impede the right of access of incarcerated persons." *Silva*, 658 F.3d at 1102 (internal quotation omitted). To support an active interference claim, a prisoner must allege facts showing that prison officials' actions hindered the ability to litigate and that, as a result, the prisoner suffered an actual injury. *See id.*

**B.     Discussion**

In his Motion, Plaintiff asserts that he was transferred to the Morey Unit on November 13, 2020, and since then, he has been separated from his legal property. (Doc. 84 at 1.) Plaintiff argues that he was given 3 boxes of his property, but "[e]very single page/document pertaining to this case was considered 'excessive' and Plaintiff's body of legal work was placed in storage." (*Id.* at 1–2.) Plaintiff also asserts that "[d]espite numerous complaints and request[s], both written and verbal, Plaintiff has been unable to convince [ADC] staff to return this legal work." (*Id.* at 2.) Plaintiff argues that without access to his legal work, including his medical records, "it would be impossible for Plaintiff to continue with his civil case." (*Id.*)

In response to Plaintiff's Motion, Defendant Shinn asserts that ADC policy allows

prisoners to keep up to three legal storage boxes and one personal property storage box in their cells at any one time. (Doc. 96 at 1.) Legal boxes in excess of three are kept in storage, and upon request by a prisoner, may be switched out with the boxes in the prisoner's cell. (*Id.* at 2.) Defendant Shinn asserts that prior to filing the pending Motion, Plaintiff improperly had four personal property boxes in his cell and no legal storage boxes. (*Id.*) Defendant Shinn also asserts that "[c]orrection staff has recently discussed this matter with Plaintiff and it has been agreed to swap-out personal property boxes for legal boxes in storage." (*Id.*)

Based on Defendants' current conduct, Plaintiff is not entitled to injunctive relief at this time. *Farmer v. Brennan*, 511 U.S. 825, 845–46 (1994) (a defendant's current conduct determines whether injunctive relief is warranted). Pursuant to ADC policy, Plaintiff is permitted to exchange the boxes that are currently in his possession for boxes that are in storage, and he is allowed to have up to three legal boxes in his cell at any time. On these facts, Defendants' current conduct does not amount to active interference with Plaintiff's right to litigate this or any other action. Thus, Plaintiff has not shown that he is likely to succeed on an access-to-court claim or that he faces irreparable harm. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (because the plaintiffs failed to show they are likely to suffer irreparable harm in the absence of preliminary relief, the court need not address the remaining elements of the preliminary injunction standard). However, if Defendants' conduct changes, and Plaintiff is not permitted to access his legal boxes, he may file another motion for injunctive relief. But at this time, his request for relief must be denied.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Court Order to Return Property (Doc. 84), and the Motion is **denied**.

Dated this 15th day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge